PROB 12
REVISED (05/90)

# UNITED STATES DISTRICT COURT
## for

FILED BY _____ D.C.

## WESTERN DISTRICT OF TENNESSEE

05 AUG 31  PM 4: 54

## WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

### U.S.A. vs. Edward Bishop

Docket No.2:99CR20220-02

## Petition on Probation and Supervised Release

COMES NOW DAWN L. BROWN , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Edward Bishop, who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, Tennessee , on the 10th day of January , 2002, who fixed the period of supervision at three(3) years*, and imposed the general terms and conditions theretofore adopted by the Court. and also imposed Special Conditions and terms as follows:

1.  The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for the treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

\*    **Term of Supervised Release Began: July 31, 2003**

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**The Defendant Has Violated The Following Conditions Of His Supervision**

**The defendant shall not illegally possess a controlled substance.**

Despite completion of drug treatment on May 18, 2004, and again on March 22, 2005 at the Alcohol and Chemical Abuse Rehab Center, Edward Bishop submitted urine screens which tested positive for Cocaine on October 27, and November 15, 2004 as well as May18 and July 6, 2005.

**PRAYING THAT THE COURT WILL ORDER** a Summons be issued for Edward Bishop to appear before the Court to answer charges of violation of Supervision.

### ORDER OF COURT

Considered and ordered _9th_ day
of _August_ , 200_5_ and ordered
filed and made a part of the records in
the above case.

_____
United States District Judge

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed
on _July 28, 2005_

_____
United States Probation Officer

Place: Memphis, TN 38103

# VIOLATION WORKSHEET

1. **Defendant**    Edward Bishop    (4305 Wendy Lou, Memphis, TN 38116)

2. **Docket Number (Year-Sequence-Defendant No.)**    2:99CR20220-02

3. **District/Office**    Western District of Tennessee (Memphis)

4. **Original Sentence Date**    01  / 10 / 2002
   month  day  year

   (If different than above):

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| • Illegally possess/use of a controlled substance | B |
| • | |
| • | |
| • | |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))    **B**

9. Criminal History Category (see §7B1.4(a))74    **IV**

10. Range of imprisonment (see §7B1.4(a))    12 - 18   months

    **Statutory Maximum: Five Years**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    { }    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {x }    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit

**Defendant**      Edward Bishop

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____              Community Confinement _____N/A_____

Fine ($) _____N/A_____              Home Detention _____N/A_____

Other _____N/A_____              Intermittent Confinement _____N/A_____

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 102 in case 2:99-CR-20220 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

Stuart J. Canale
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT